UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL T. WALLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-2122-HLT-TJJ |
| ) | |
| DOLLY ARDONA WALLER, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Michael T. Waller, proceeding *pro se*, filed this action against his wife, Dolly Ardona Waller, alleging she made false, defamatory, and libelous statements before and during their divorce proceedings. Plaintiff asserts this Court has subject matter jurisdiction based on constitutional grounds and because perjury is a federal crime. This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3) and Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.

Plaintiff has failed to show a financial inability to pay the required filing fee. The first three pages of the financial affidavit—which include questions about current and prior employment—are missing from Plaintiff's motion. It appears, however, that he has a job because he notes on the last page that he started a 401(k) in January 2022. Plaintiff also indicates that he

received $39,950 ten months ago from a lawsuit settlement. This lump sum suggests that Plaintiff has the ability to pay the filing fee in this case, regardless of the amount of his monthly household expenses and monthly income. In any event, the Court cannot tell whether Plaintiff's monthly expenses exceed his monthly income because he did not include his employment information. He also lists five vehicles that are owned and $400 in cash-on-hand. Although Plaintiff's allegations suggest that he remains married (but in the midst of a divorce), he has not listed his spouse's employment or income. In making the determination whether Plaintiff may proceed *in forma pauperis*, "the Court may consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's income.'"[1] (Of course, the Court understands here that Plaintiff's wife may not want to financially support a lawsuit against herself.)

After reviewing Plaintiff's motion and the accompanying affidavit, the undersigned Magistrate Judge finds the motion to proceed *in forma pauperis* should be denied, and will make such recommendation.

When a party seeks to proceed without the prepayment of fees, § 1915 requires the Court to conduct an initial review of the party's complaint.[2] The Court must dismiss the case if the

---

[1] *Dow v. Colvin*, No. 4:13-CV-299-A(BJ), 2013 WL 1952092, at *1 (N.D. Tex. April 15, 2013) (quoting *Muhammad v. Louisiana Attorney Disciplinary Bd.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009)).

[2] The statute requires such screening in all cases where a party seeks to proceed *in forma pauperis*, and not only in cases where the court grants the motion. *Franklin v. Kramer*, No. C 12-06335 LB, 2013 WL 120404, at *1–2, (N.D. Cal. Jan. 8, 2013) (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*); *Palazzolo v. University of Michigan Hosp.*, No. 10-10650, 2010 WL 1780958, at *1 (E.D. Mich. April 30, 2010) ("[Section] 1915(e)(2)(B) provides that, in cases when a plaintiff is proceeding, or attempting to proceed, *in forma pauperis*, the court shall dismiss the case at any time if the court determines

Court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Here, the problem with Plaintiff's allegations is they are based solely on a domestic dispute and state law. Plaintiff does not allege a constitutional provision or federal statute that governs his claim; he alleges Defendant defamed and libeled him before and during his divorce proceedings. Although he claims that Defendant perjured herself, he acknowledges that perjury

---

that the action is frivolous or fails to state a claim upon which relief can be granted."); *Price v. United Postal Serv.*, No. 01 C 3645, 2001 WL 585512, at *1 (N.D. Ill. May 25, 2001) (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*).

[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

is a crime—not a civil action. And this Court lacks jurisdiction over state court divorce proceedings or substantive issues arising out of them:

> "It is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife, and parent and child." *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))). This is not a removal action from state court, but plaintiff's claims and especially the facts she describes, read like a list of complaints about the outcome of the state court divorce and child custody proceedings. To the extent plaintiff is trying to raise substantive issues regarding the divorce and child custody proceedings, this court does not have jurisdiction.[7]

All of Plaintiff's allegations in this case center on his spouse's alleged untruths and physical assault. It appears Plaintiff may want this Court to interfere with the state court divorce proceedings or otherwise issue rulings that may impact the state court proceedings. Certainly, it seems at a minimum that this Court should decline to exercise jurisdiction under the *Younger*[8] abstention doctrine since the state court proceedings are ongoing.[9]

"Federal courts may abstain or decline from deciding an issue in order to preserve traditional principles of equity, comity and federalism. Such discretion is particularly appropriate where the state has a strong interest and competence in dealing with the subject matter at issue, such as child custody and domestic relations matters."[10] Here, there is no question that the

---

[7] *Protheroe v. Pokorny, et al.*, Case No. 16-cv-2387-CM-JPO, 2016 WL 6822657, at *4 (D. Kan. Nov. 18, 2016).

[8] *Younger v. Harris*, 401 U.S. 37 (1971).

[9] *See Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

[10] *Reeves v. Warren County*, No. 4:08CV1708CDP, 2008 WL 5171346, at *1–2 (E.D. Mo. Dec. 9, 2008) (internal citations omitted).

subject of Plaintiff's allegations falls within the ambit and expertise of the state courts. The Complaint reveals no facts which would support the District of Kansas hearing Plaintiff's claim against Defendant. Plaintiff fails to state a claim against Defendant upon which relief can be granted. Alternatively and additionally, to the extent Plaintiff is trying to raise substantive issues regarding his divorce proceedings, this Court lacks jurisdiction over the action and it is the sole province of the Wyandotte County District Court to address Plaintiff's concerns about those proceedings.

Finally, Plaintiff asks the Court to appoint counsel to represent him in this matter. While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well-settled that a party in a civil action has no right to appointment of counsel.[11] Although the Court recommends denial of *in forma pauperis* status, even if the Court were to grant Plaintiff leave to proceed *in forma pauperis*, the Court would still deny appointment of counsel. Under § 1915(e)(1), the Court considers the following factors in deciding whether to appoint counsel: (1) the claims' merits, (2) the nature of the factual issues, (3) the plaintiff's ability to present his/her claims, and (4) the complexity of the legal issues involved or raised.[12] The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may

---

[11] *Lee v. Crouse*, 284 F. Supp. 541, 543–44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[12] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

discourage attorneys from donating their time."[13]

Under these factors, the lack of merit in Plaintiff's claims indicates to this Court that appointment of counsel is not appropriate. Moreover, the factual issues are not difficult, Plaintiff appears capable of presenting his own claims, and the legal issues are not complex. The Court therefore denies Plaintiff's request to appoint counsel. In addition, for the reasons explained *supra*, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Judge Teeter **DISMISS** this action.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED**.

Dated this 6th day of May, 2022, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U.S. Magistrate Judge

---

[13] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).